IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LORI KING,<br>                               *Plaintiff*,<br>v.<br>CAPITAL ONE BANK (USA), N.A. AND<br>INCHARGE DEBT SOLUTIONS,<br>                               *Defendants.* | CASE NO. 3:11-cv-00068<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon Plaintiff's Motion for Trial by Jury pursuant to Rule 39(b) of the Federal Rules of Civil Procedure (docket no. 58). For the reasons discussed at the hearing held on September 24, 2012, and set forth below, I will deny Plaintiff's motion.

**I. Legal Standard**

Federal Rule of Civil Procedure 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." The parties do not dispute that the Federal Arbitration Act ("FAA") permits a party who disputes the making of an arbitration agreement to demand a jury trial on that issue. *See* 9 U.S.C. § 4. As I noted in my Order taking under advisement Plaintiff's Motion for jury trial (docket no. 62), a general jury demand in a complaint does not obviate the need to specifically request a jury trial under Section 4 of the FAA, and Plaintiff failed to make the special jury demand required by the FAA. Therefore, I consider Plaintiff's motion under the discretionary framework of Rule 39(b).

The Fourth Circuit has noted that courts ruling on Rule 39(b) motions generally consider four factors in the exercise of their discretion: (1) whether the issues are more appropriate for determination by a jury or a judge (2) whether granting a jury trial would prejudice the opposing

party; (3) the timing of the motion; and (4) the effect of a jury trial on the court's docket and the orderly administration of justice. *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 940 n.11 (4th Cir. 1980).

## II. Discussion

After considering Plaintiff's request in light of the *Malbon* factors, I find that a bench trial is more appropriate in this case. The first and the fourth *Malbon* factors weigh heavily against exercising discretion to grant Plaintiff a jury trial on the threshold issue of the existence of an arbitration agreement. Granting Plaintiff's motion could result in two separate jury trials: one to determine whether Plaintiff entered into an arbitration agreement and another to consider the merits of Plaintiff's claims. Such an extended process would have an adverse effect on the court's docket and the orderly administration of justice. I also find that given the complex way that factual and legal issues are intertwined in this case, determination of the threshold issue is more appropriately decided in a bench trial. Plaintiff has raised a number of legal issues that complicate the factual determination of whether she entered into an agreement, and I find that a bench trial will provide a better forum for sorting out these issues. Finally, I note that a bench trial will not prejudice either party since Plaintiff would still be entitled to a jury trial on the merits of the case, as she sought in her complaint, if she can make the threshold showing that she did not enter into an arbitration agreement.

## III. Conclusion

For the reasons stated herein, Plaintiff's motion for trial by jury shall be denied. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 25th day of September, 2012.

                                                  NORMAN K. MOON
                                                  UNITED STATES DISTRICT JUDGE