IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LORI KING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 3:11-CV-00068 |
| CAPITAL ONE BANK (USA), N.A., | ) ) ) |
| and | ) ) |
| INCHARGE DEBT SOLUTIONS, | ) ) |
| Defendants. | ) ) |

**CAPITAL ONE'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO CAPITAL ONE'S MOTION TO DISMISS**

Defendant Capital One Bank (USA), N.A. ("Capital One"), by counsel, respectfully submits this response brief in opposition to Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to Capital One's Motion to Dismiss ("Request for Judicial Notice"). Plaintiff requests that the Court take judicial notice of the settlement in *In re Currency Conversion Fee Antitrust Litigation*, No. 1:01-md-01409-WHP (S.D.N.Y. 2010) ("CCF"), but she does not state explicitly why the Court should take judicial notice. Presumably, Plaintiff wishes to contend the settlement undermines Capital One's argument that the Court should compel arbitration. The CCF settlement, however, is irrelevant to this matter because that settlement only applies to Capital One's enforcement of arbitration clauses contained in customer cardholder agreements, not agreements such as the Client Agreement Capital One and InCharge Debt Solutions, Inc. ("InCharge") contend Plaintiff entered into with InCharge.

1

Plaintiff's Request for Judicial Notice incompletely cites the provisions of the Final Judgment and Order of Dismissal in the CCF matter and fails to cite to the actual settlement agreement with Capital One, which is publically available and makes clear that the settlement applies only to cardholder agreement arbitration clauses. In the Final Judgment and Order of Dismissal attached as Exhibit A to Plaintiff's Request for Judicial Notice, the Southern District of New York stated that it "finally approves the Settlement Agreements" with the defendants in that matter, including Capital One, which contained a "bar on seeking to enforce the Arbitration Clause or Class Action Waiver Clause in any of the Settling Defendants' existing or pre-existing United States Cardholder Agreements." Pl.'s Req. Judicial Notice, Ex. A, ¶ 7.

The Stipulation and Settlement Agreement with Capital One Bank (USA), N.A. and Capital One, N.A. ("Settlement Agreement"), attached as Exhibit A, defines "United States Cardholder Agreement" as "the terms applicable between an issuer and the holder of a Consumer/Small Business Credit Card when (i) the issuing bank is based in the United States, and (ii) the terms are under United States law or the laws of one of the states of the United States, and (iii) the Credit Card is issued in the United States." Ex. A, at § 2(ff).

Moreover, Section 3 of the Settlement Agreement states, in relevant part, that Capital One will:

> (a) . . . remove any and all Arbitration Clauses and the Class Action Waiver Clauses from its United States Cardholder Agreements . . . .
>
> (b) . . . not restore or otherwise insert into its United States Cardholder Agreements either an Arbitration Clause or a Class Action Waiver Clause within three and one half (3.5) years following January 1, 2010 . . . .

> (c) . . . not seek to enforce an Arbitration Clause or Class Action Waiver Clause against a member of the Settlement Class based on currently existing or pre-existing United States Cardholder Agreements, except [in a few listed situations] . . . .
>
> (d) . . . not contract, combine, or conspire with any other credit card issuer regarding the re-imposition or re-adoption of an Arbitration Clause or Class Action Waiver Clause . . . .

*Id.* at § 3(a)-(d).

As previously stated, the arbitration clause at issue in this case is not contained within a United States Cardholder Agreement according to the definition of that term in the Settlement Agreement. Instead, it is contained within the Client Agreement between InCharge and Plaintiff, as explained in Capital One's Memorandum in Support of its Motion to Dismiss and Stay. Capital One's Mem. Supp. Mot. Dismiss 3-4. As a result, Capital One is not violating the Settlement Agreement by arguing that Plaintiff is equitably estopped from avoiding arbitration with Capital One should the Court find Plaintiff entered into the Client Agreement with InCharge and enforce the arbitration clause found within it.

For these reasons, Capital One respectfully requests that the Court decline to take judicial notice of the Settlement Agreement reached by Capital One in *In re Currency Conversion Fee Antitrust Litigation*.

Dated:  October 2, 2012                                    Respectfully submitted,

                                                          CAPITAL ONE BANK (USA), N.A.

                                                          By Counsel

                                                          s/    Bryan A. Fratkin
                                                          Bryan A. Fratkin, Esq. (VSB # 38933)

3

        Allison Monger, Esq. (VSB # 77183)
        McGuireWoods LLP
        One James Center
        901 East Cary Street
        Richmond, Virginia 23219
        Tel: (804) 775-1000
        Fax: (804) 775-1061
        bfratkin@mcguirewoods.com
        amonger@mcguirewoods.com

        James F. Neale, Esq. (VSB #43060)
        McGuireWoods LLP
        310 Fourth Street N.E.
        Suite 300
        Charlottesville, Virginia 22902
        Tel: (434) 977-2582
        Fax: (434) 980-2263
        jneale@mcguirewoods.com

        *Attorneys for Defendant*
        *Capital One Bank (USA), N.A.*

## CERTIFICATE OF SERVICE

I certify that on October 2, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/EF system, which will send notification of the filing to the following counsel for record:

Gregory S. Duncan
Law Office of Gregory S. Duncan
412 East Jefferson Street
Charlottesville, Virginia 22902

Garrett M. Smith
Garrett M. Smith, PLLC
P.O. Box 1741
Charlottesville, Virginia 22902

Anne Marie Murphy
Eric J. Buescher
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road
Burlingame, California 94010

David J. Vendler
Morris Polich & Purdy, LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017

*Counsel for Lori King*

Robert C. Wood, III
Edmunds & Williams, P.C.
Post Office Box 958
Lynchburg, Virginia 24505

Dennis M. Robinson, Jr.
William F. Ryan, Jr.
Dwight W. Stone, II
Whiteford, Taylor & Preston LLP
7 St. Paul St.
Baltimore, Maryland 21202-1626

*Counsel for InCharge Debt Solutions*

I further hereby certify that on October 2, 2012, I served a true copy of the foregoing by electronic mail upon:

Niall P. McCarthy
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road
Burlingame, California 94010
nmccarthy@cpmlegal.com

*Counsel for Lori King*

                                                     s/___Bryan A. Fratkin_____
                                                   Bryan A. Fratkin, Esq. (VSB # 38933)
                                                   McGuireWoods LLP
                                                   One James Center
                                                   901 East Cary Street
                                                   Richmond, Virginia  23219
                                                   Tel:  (804) 775-1000
                                                   Fax:  (804) 775-1061
                                                   bfratkin@mcguirewoods.com