IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LORI KING,<br>                                 *Plaintiff,*<br>v.<br>CAPITAL ONE BANK (USA), N.A. AND<br>INCHARGE DEBT SOLUTIONS,<br>                                 *Defendants.* | CASE NO. 3:11-cv-00068<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon Plaintiff's Motion for Reconsideration (docket no. 94). For the following reasons, I will deny Plaintiff's motion.

Plaintiff requests that I reconsider, pursuant to Federal Rules of Civil Procedure 54(b) and 60(b)(1), the Memorandum Opinion and Order I issued on November 15, 2012, granting Defendants' Motion to Strike Class Allegations. Since Rule 60(b)(1) does not apply to interlocutory orders, *see Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991), I consider Plaintiff's motion under Rule 54(b). "Under Federal Rule of Civil Procedure 54(b), 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties' may be revisited by the court at any time before an entry of final judgment." *Pender v. Bank of America Corp.*, No. 3:05-CV-238, 2011 WL 62115, at *1 (W.D.N.C. Jan. 7, 2011) (quoting Fed. R. Civ. P. 54(b)). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). However, courts consider the same factors and generally do not grant such motions unless:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*McAfee v. Boczar*, No. 3:11cv646, 2012 WL 2505263, at *2 (E.D. Va. June 28, 2012) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)); *see also Pender*, 2011 WL 62115, at *1 ("Though motions for reconsideration of interlocutory orders are subject to a lower standard, they are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice."). Furthermore, the power to reconsider "is committed to the discretion of the district court." *American Canoe*, 326 F.3d at 515 (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)).

After a careful review of Plaintiff's arguments and my November 15 opinion, I find that Plaintiff has not met the high burden required to prevail on a motion for reconsideration. In the brief supporting her motion, Plaintiff simply repeats the same arguments rejected in the November 15 opinion, or she seeks to introduce new arguments that she could have presented either in her earlier briefs or at the September 24 hearing held to discuss what issues could be decided prior to trial. Plaintiff asserts that it is cost prohibitive to pursue her claim individually and that she is therefore entitled to proceed on a class basis. As I held in my November 15 opinion, this argument is foreclosed by the Supreme Court's opinion in *AT&T Mobility, LLC v. Concepcion*, 131 S. Ct. 1740 (2011), as applied by the Eleventh Circuit in *Cruz v. Cingular Wireless*, 648 F.3d 1205 (11th Cir. 2011), and *Pendergast v. Sprint Nextel Corp.*, 691 F.3d 1224 (11th Cir. 2012). Although the Second Circuit's decision in *In re American Express Merchants' Litigation*, 667 F.3d 204 (2d Cir. 2012), arguably supports Plaintiff's position in this case, that

decision conflicts with the Eleventh Circuit's decisions in *Cruz* and *Pendergast*, which are controlling in this case. Thus, Plaintiff has not met the high threshold required to prevail on a motion for reconsideration.

Plaintiff suggests that the Settlement Agreement of which I took judicial notice on November 1, 2011, pursuant to Plaintiff's motion, somehow alters Defendant Capital One's ability to rely on InCharge's arbitration clause. I find that both parties adequately presented their arguments about the applicability of the Settlement Agreement to this case in the briefing related to Plaintiff's motion to take judicial notice. Therefore, to the extent that Plaintiff wishes to rely on that Settlement Agreement in her motion for reconsideration, I find that the Settlement Agreement is not relevant to this case. The Settlement Agreement clearly limits its applicability to Capital One's cardholder agreements and therefore has no bearing on InCharge's arbitration agreement or on Capital One's ability to rely on it.

In the last section of the brief supporting her motion to reconsider, Plaintiff requests leave to amend. Because Plaintiff has not offered any explanation of how amending her complaint could alter her position, I will deny her request. Finally, since I have decided to deny Plaintiff's motion for reconsideration, Plaintiff's motion to stay or continue the bench trial scheduled to begin on December 18, 2012, is now moot. Accordingly, I will also deny that motion (docket no. 100).

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this __5th__ day of December, 2012.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE